BENJAMIN W. WALKER vs. THE COMMISSIONERS OF THE SINKING FUND.

As a general rule, courts may correct their proceedings during the term at which they take place, if there is any thing to amend by.

This rule is not unlimited; with regard to verdicts, if the error be in matter of substance, it cannot be corrected by the court after the discharge of the jury from the consideration of the case, at all events, without their concurrence.

In trials of right of property, levied upon under execution, if the verdict is for the plaintiff in the execution, it must assess separately the value of each specific piece of property levied on, otherwise the verdict will be erroneous.

When, in a trial of the right of property, the verdict of the jury assessed the value of the property in gross, and at a subsequent day of the term, and after the discharge of the jury, the court·on motion altered the verdict, so as to assess the separate value of each article of property levied on, whereby the gross sum of the amended verdict was considerably less than the original verdict, it was held to be error.

In error from the Hinds circuit court.

The opinion of Judge CLAYTON states at length all the facts of the case.

Several errors were assigned; amounting in substance, however, to these two : First, that the original verdict rendered in the case was erroneous, in not specifying the separate value of the property levied on, and in not finding whether or no the claimant's interposition was made for delay. And secondly, that the court below had no right to amend this erroneous verdict.

*Mayes and Clifton*, for plaintiff in error.

1. The statute provides that the proceeding shall be as in the action of detinue. The jury should have assessed the separate value of each article of property. 2 Starkie, 280, title detinue. 2 Call, 313, *Higginbothan* v. *Rucker*. 2 Munford, 539, *Holliday's wife* v. *Littlepage*.

The judgment does not specify what property the plaintiff recovered, but is only a judgment that the plaintiff recovered the property specified, leaving it to the officers of the court to determine what the property specified is.

2. The verdict of the jury was rendered and recorded on the 11th day of February, 1842, and the judgment of the court thereon pronounced the same day. On the 19th of February, the court, on the motion of the plaintiff, amended (as is said in the record) the verdict and judgment, on the alledged ground that the clerk had mistaken the same. It is not controverted that the court might amend the verdict as to any mere matter of form; but in this case the entire substance of the finding is changed, by adding a separate value to the several classes of property, and that the jury also find that the claim was made for delay. The jury having rendered their verdict and been discharged, it was incompetent for the court, on a subsequent day of the term, to receive any evidence of the finding, and to change the substance of the verdict as recorded, unless the record furnished the evidence of the error in entering the verdict. It would be of dangerous tendency to receive evidence to show what verdict a jury intended to find, eight days after their verdict had been rendered, and they discharged from the cause—and no precedent of such a proceeding has been found by the counsel of the plaintiff in error—and it is believed to be wholly without the sanction or authority of law.

3. It is not contended that the jury should find the separate value of each sheep, hog, or goat—for property of that kind is not susceptible of such description as to distinguish each one from every other. The rule requiring the separate value of each article of property to be assessed, is one of practical utility, and founded on the reason, that the defendant may be able to surrender part of the property, pursuant to the judgment of the court, and may be wholly unable to surrender other parts of it, in which case, if the value is assessed separately, the amount of money to be paid for the property not surrendered, is ascertained by the verdict and judgment; and, therefore, whenever the property is capable of such description, as to identify it with reasonable certainty, the rule is, that a separate value shall be assessed for each separate article. Mules and horses are susceptible of such description, by reference to age, size, color, name, and other characteristics, as to distinguish one from another;

and therefore in the action of detinue, it is the uniform practice in the declaration, to give a separate description of each of such animals, stating its value—which separate description and distinct value are preserved and carried into the finding of the jury and the judgment of the court.

The verdict of the jury of the 11th of February, was changed in substance, on the 9th, by the court. The whole proceeding was *ex parte*, from beginning to end, and if this ursurpation can receive the sanction of this high tribunal, the right of trial by jury, so far from being preserved inviolate, is already become a mockery.

*George Adams*, for plaintiffs in the execution below.

The first position in this case which will be taken and relied on by the counsel for defendants in error is, that the revising tribunal will take it for granted that the court below committed no wrong, or error, and will affirm the judgment below, unless the party complaining of that judgment will clearly show by the record, that the court below acted illegally, and to the injury of the party complaining; this rule is so well settled that it would be as useless to make an argument, or cite authorities in support of it, as it would be to attempt to show that it is the first letter of the English alphabet.

The first error assigned, which seems to require notice is, that the jury did not first assess the separate value of the several articles of property which were in controversy; meaning, I presume, that the finding is too uncertain to authorize the judgment complained of. The general rule in respect to the certainty with which the subject matter in controversy should be set out, or described in legal proceedings is, that the thing or subject matter must be described with convenient certainty, and that no greater certainty will be required than the subject matter will conveniently admit of, and in the application of this rule the court must necessarily exercise its discretion, and if the averment, or description is so made that the adverse party, the counsel, the jury and the court, can fully understand, and estimate the subject matter, the averment, or description is sufficiently certain. Gould on Pleading, 181–2 § 25 and 26, and

the authorities there referred to. Same, 185–6, § 34, 35, and 36, and the authorities there referred to. According to this rule, the authorities, and the nature of the property, its description in the verdict and judgment, is sufficient.

The next assignment which seems to require notice, is that which questions the legality of the act of the court below, in amending the verdict of the jury, by correcting a mistake of the clerk, in entering the verdict. The court certainly possessed, and it should be presumed, properly exercised the power of correcting the mistakes or misprisions of its clerk, and to amend the verdict and judgment on the record, according to the finding or the intention expressed by the jury; and even to correct mistakes made by the jury. Gould, 524–5, § 60. Stephen on Pleading, 86–7. The court can hear evidence to show that the jury made a mistake in their verdict. 8 Bacon Abr. 146. Surely, then, a mistake made by the court's clerk, can be inquired into and corrected by the court. On the subject of amending judgments, verdicts, &c., see 1 Tidd's Practice, top p. 700–715. Ib. 2 vol. top p. 896–902. 3 American, from ninth London edition.

It is not necessary that the property should be specified in the judgment. " That is certain which can be made certain or ascertained by the record." The judgment is for the specified property; the specification of the property in the sheriff's return; in the claimant's bond to try the rights of the property; in the issue tendered by the plaintiffs in execution; and the verdict of the jury, made the property subjected by the judgment and verdict to the claims of the plaintiffs in execution, sufficiently certain to secure the rights of the parties, the objects of the law, and the ends of justice.

The verdict of the jury, as amended by the court, finds that the claim of the plaintiffs in error, was made for delay; and the words of the statute " for the purposes of fraud or delay," are in the disjunctive; the court was therefore right, and indeed bound, to give a judgment for the statutory damages. How. & Hutch. 654–5, § 78–9.

The claimant, having suffered judgment to go by default or

*nil dicet*, against him, he thereby, according to the rules of pleading, confessed or admitted everything in issue between him and the plaintiffs in execution, except the value of the property, and the intention of fraud or delay in claiming the property; and there was nothing else which the jury had a right to find, or which they should have been sworn to find. Those facts they did find, and the court gave judgment according to the statute, as it was bound to do, upon the whole case, as it was made and presented upon the record, by the declaration or issue tendered by the plaintiffs in execution, the admissions of the claimant, and the finding of the jury; and, however defective the verdict and judgment as first entered, may have been made by the mistake of the clerk, the verdict and judgment as amended, are substantially, if not technically, sufficient, and will not, I presume with deference, be disturbed by the high court of errors and appeals.

*Foute*, on the same side.

Appellant assigns as error, that the verdict of 11th February, 1842, was and is, insufficient in law, to enable the court to pronounce any judgment thereon.

To this we reply, that the case of *Thomas* v. *Blount*, Littell's Select cases, 114, and *Talbott* v. *Talbott*, 2 J. J. Marshall, p. 7, and *Shadbrum* v. *Jinnings*, 1 Marshall, 180, are authorities in support of that verdict and its sufficiency. But we do not deem it important to sustain the entry of verdict and judgment of 11th February, 1842.

But if the first assignment of error, and the specifications following it, are well taken, the appellees insist that the verdict and judgment, as amended, and entered on 19th of February, 1842, cures such defect or insufficiency, and that the circuit court had the power to cause the verdict of the jury, and the judgment of the court thereon, to be entered properly by the clerk, at any time during the term of the court, and this correction of an error, by the clerk, was legal and proper; and all that the record shows to have been done in this case—and this the

court have full power to cause to be done. See How. & Hutch. p. 485, § 21. Rev. Code, 125, § 96.

And also, to order another inquiry by the jury, or another jury to find value. 2 J. J. Marsh. *Talbott* v. *Talbott*, and Rev. Code, p. 125, § 93.

The sixth assignment of error, alledges that " it was error to amend the verdict and judgment on the 19th February, 1842, on the ground that the clerk misunderstood the verdict and judgment, &c. Appellees insist that it was no amendment; that it was only the correction of an error, or clerical mistake ; that the record or minutes first made by the clerk, on the 11th of February, 1842, were not true; did not state the facts ; was an erroneous minute of what had been done by the jury, and of the action of the court; and hence the court was bound to correct such error, and have a true record made of the facts, as they really existed. And this court are bound to presume that the court below had the true record made on the 19th February, and had the verdict of the jury, and all necessary evidence before it, to make a true and correct record of its own proceedings.

And this court will sustain the verdict of the jury and the judgment of the court, by every intendment. 2 Bibb, 178, *Picket* v. *Picket.* Ib. *Denny* v. *Booker*, 429. 1 Bibb, 248, *Worford* v. *Isbel.* 257, *Crozier* v. *Gano and Wife.* Littell's Select Cases, 367. 4 Bibb, 194, *Hickman* v. *Sutherland.* 11 Johns. R. 98.

But appellees insist that if the entry of verdict and judgment, made on the 19th February, 1842, cannot be considered as a correction of a clerical error, and must be considered as an amendment, the court below have full power to amend verdicts and to render judgments on such amended verdicts—and refer the court, in support of this principle, to the cases following. *Executors of Van Ransalear* v. *Executors of Platner*, 2 Johns. Cases, 17. *Union Turnpike Co.* v. *Jenkins*, 1 Caine's R. 381. *Stafford* v. *Green*, 1 Johns. R. 505. *State* v. *Western Navigation Co.* 2 Johns. R. 283. *Phetteplace* v. *Steore*, Ib. 442. 1 Caine's R. 394, n. (a,) and *Highland Turnpike Co.* v. *McKean*, 11 Johns. R. 98. *Trimble* v. *Stipe*, 5 Monroe, 265.

A judgment by default v. *Walker*, the claimant had been regularly taken.   See record, p. 7, and How. & Hutch. p. 654, § 77. The jury were properly sworn upon the writ of inquiry submitted to them, (see record, p. 7) and the finding is responsive to the questions submitted, and in accordance with the provisions of the statute.   On that subject, see H. & H. 654, § 78–79.

Mr. Justice CLAYTON delivered the opinion of the court.

The plaintiff in error, Walker, claimed several articles of personal property, which had been levied upon under an execution in favor of the defendants in error, against Samuel M. Puckett, et al. and gave a bond, with security, to try the right.   At the proper term the plaintiffs in the execution, tendered an issue, according to the statute, in which the claimant failed to join. Judgment by default, was therefore taken against him, and a jury empannelled to assess the damages, and to say whether or not the claim was fraudulent.   The jury returned their verdict, and a judgment was entered upon the finding, which was in these words : " they assess the value of the property mentioned and specified in the claimant's bond, at the sum of $4829 $\frac{7}{100}$." The judgment was for this round sum, and $482 $\frac{9}{100}$ for damages for delay.   Eight days afterwards, but during the same term, the attorney of the plaintiffs in the execution, moved the court to correct the entry of the verdict and judgment, and the court sustained the motion.   This entry is then made.   " It appearing to the satisfaction of the court that the clerk mistook the verdict of the jury and the judgment of the court predicated thereon, it is ordered by the court that the verdict and judgment heretofore made, be amended so as to read as follows : they assess the value of the five head of horses at $250 ; one hundred head of hogs at $150 ; one hundred head of cattle at $400 ; one lot of pork, $160 ; corn at $1505 ; twenty-five bales cotton, $625 ; lot of fodder, $140 ; do. oats, $100 ; sheep, $45 ; goats, $50 ; eight mules at $400 ; amounting in all, to $3875 ; being all the property mentioned in said claimant's bond, and the specified value thereof, and they also say said claim was made for delay."   Then the court rendered judgment for the property, if to be had, if not,

the value as assessed by the jury as aforesaid, and the sum of $382 $\frac{50}{100}$, statutory damages for delay." This judgment is brought up by writ of error, for reversal.

As a general rule, the court may certainly correct its proceedings during the term at which they take place, if there is any thing to amend by. The records are said to remain in the breast of the court during the term. 1 Rob. Prac. 638. 3 Ib. Co. 323. 2 Wash. 130. 1 Tidd Pr. 710, 15. But this power of amendment, though very extensive, cannot be esteemed unlimited. In regard to verdicts, if the error be in matter of substance, it cannot be corrected by the court, after the discharge of the jury from the consideration of the case. Graham's Pr. 661. 7 Cowen, 29; at all events, without their concurrence. *Prussel* v. *Knowles,* 4 Howard, 90. The statute, in regard to trials of this kind, directs that they shall be governed by the same rules which govern the action of detinue. In the first entry of the verdict, the value of the several articles of property is not assessed separately, but the whole aggregate is put down at a gross sum. This was erroneous, and was, in itself, good cause for reversal; there should have been a separate assessment of the respective values, so far as it could be done with convenience and certainty. 2 Call, 313. 2 Mun. 195. 1 Rob. Pr. 368. This error might have been cured by awarding another writ of inquiry; but the court appears to have undertaken it without the aid of a jury. H. & H. 591, § 13. To cure the defects, the plaintiff moved the court to amend the first entry of the verdict and judgment. The court ordered the amendment to be made, but in carrying out the order, not only the form of the verdict, but its substance, as first entered, is materially changed. In the first entry, it is not stated that the claim was made for delay, in the last it is—in the first, only the aggregate value of the whole property is given—in the last, the value of each separate parcel is assessed, and the value is stated at a thousand dollars less than in the first entry. Here, then, is a complete change of the verdict in every essential particular. The first entry, we must presume, was in substantial conformity to the verdict—the last is wholly different, and we cannot presume it was amended by

it, because of the material variance between them.   And when we turn to the bond given for the property, we find the key to the last entry, because, the value therein specified, is the value put down in the entry, and the amount falls $1000 short of the round assessment of the jury.   The last entry does not amend the verdict, but makes a new one.

With an entire disposition to make all reasonable intendments and presumptions in favor of the judgment below, in this instance, we think it cannot be sustained.   To sanction such undefined discretionary powers over verdicts, would seriously affect the high and deserved estimate which is placed on that species of trial

We will barely add, to prevent misconception of our opinion, as to the separate assessment of the value of each article of property, that we believe the form of the last entry is, in this respect, sufficiently definite.   A reasonable certainty is all that the law requires.

The judgment of the court will be reversed, the cause remanded, and a new writ of inquiry awarded.